IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| HONGMEI MADOLE, | ) | |
| a/k/a "HONGMEI ZHOU" | ) | |
| | ) | |
| Defendant. | ) | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1. The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by John F. Wood, United States Attorney, and Cynthia L. Cordes, Assistant United States Attorney, and the defendant, Hongmei Madole ("the defendant"), represented by Ronald L. Hall.

The defendant understands and agrees that this plea agreement is only between her and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2. Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count 1 of the information charging her with a violation of 18 U.S.C. § 2422(a),

that is, knowingly persuading, inducing, enticing and coercing individuals to travel in interstate and foreign commerce to engage in prostitution and illegal sexual services. By entering into this plea agreement, the defendant admits that she knowingly committed this offense, and is in fact guilty of this offense.

**3. Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which she is pleading guilty are as follows:

On or about November 1, 2005, to and including May 10, 2007 in the Western District of Missouri and elsewhere Hongmei Madole knowingly persuaded, induced, enticed, and coerced individuals to travel in interstate and foreign commerce to engage in prostitution and illegal sexual services. Madole did so by opening a business, specifically, Asian Touch Massage located at 122 S. Clairborne Road, Olathe, Kansas. Madole recruited female Asian women to travel to the Kansas City area to work as masseuses. Madole facilitated the womens' travel, including, but not limited to, booking and purchasing the flights for the women. Madole would fly the women in to the Kansas City, Missouri International Airport (MCI) and then transport or have them transported to her business, Asian Touch Massage in Olathe, Kansas. Madole placed advertisements in the Kansas City magazine, THE PITCH, where she stated that "full body massages, table showers, saunas, and the best Asian female staff" were available at Asian Touch Massage. The female Asians who worked for Madole worked from 9 a.m. to 11 p.m. seven days a week and lived inside the massage parlor. Madole operated surveillance

cameras inside the massage parlor to monitor her female Asian workers. Inside Asian Touch Massage, Madole had her female Asian workers perform sexual services on male patrons in exchange for money.

    4. **Use of Factual Admissions.** The defendant acknowledges, understands, and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining her guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which she is pleading guilty.

    5. **Statutory Penalties.** The defendant understands that upon her plea of guilty to Count 1 of the information charging her with inducing individuals to travel in interstate commerce to engage in prostitution, the maximum penalty the Court may impose is not more than 20 years of imprisonment, a $250,000 fine, any term of years or life of supervised release, an order of restitution and a $100 mandatory special assessment which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class C felony.

**6. Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

    a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable";

    b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

    c. in addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to any term of years up to life; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed;

    d. if the defendant violates a condition of her supervised release, the Court may revoke her supervised release and impose an additional period of imprisonment of up to 20 years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed life, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

    e. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

    f. any sentence of imprisonment imposed by the Court will not allow for parole;

    g. the Court must order restitution to be paid to victims of the offense to which she is pleading guilty, the conduct charged in any dismissed counts of the indictment, and all other uncharged related criminal activity;

      h.  the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office; and

      i.  the defendant may not withdraw her guilty plea solely because of the nature or length of the sentence imposed by the Court.

**7.  Government's Agreements.**  Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to 18 U.S.C. § 2422(a)  for which it has venue and which arose out of the defendant's conduct described above.  Additionally, the United States Attorney for the Western District of Missouri agrees to dismiss Count One of the indictment at sentencing.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement.  If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges

-5-

and any other criminal violations established by the evidence. The defendant expressly waives her right to challenge the initiation of the dismissed or additional charges against her if she breaches this agreement. The defendant expressly waives her right to assert a statute of limitations defense if the dismissed or additional charges are initiated against her following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against her following her breach of this plea agreement, she will not be allowed to withdraw her guilty plea.

    8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of her criminal activities. The defendant understands these disclosures are not limited to the count[s] to which she has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

**9. Cooperation.** The defendant agrees to cooperate fully and truthfully with the United States as follows:

    a. The defendant agrees to provide all information concerning her knowledge of, and participation in, the offenses charged in the information, and any other crimes about which she has knowledge;

    b. The defendant agrees that she will not falsely implicate any person or entity and will not protect any person or entity through omission or false or misleading information and that all information provided will be truthful, complete and accurate;

    c. The defendant agrees to testify as a witness before any grand jury, hearing, or trial when requested to do so by the United States;

    d. The defendant agrees to hold herself reasonably available for any interviews the United States may require. The defendant waives any right to the presence of counsel at such meetings, debriefings, or pretrial preparation sessions. The parties agree that no prior consultation with defense counsel shall be necessary to conduct these meetings, debriefings or interviews, unless her attorney specifically requests such notice;

    e. The defendant agrees to provide the United States with all documents or other items under her control that may pertain to any criminal violations;

    f. The defendant understands that her cooperation shall be provided to any local, state, and federal law enforcement agency deemed appropriate by the United States and that she may be called upon as a witness by any authority that has been provided her cooperation;

    g. The defendant agrees and understands that this plea agreement requires that her cooperation continue even after the time she is sentenced. Failure to continue to cooperate after sentence is imposed constitutes a basis to void this agreement by the United States and will allow the Government to re-institute charges that were previously dismissed pursuant to this agreement;

h. The defendant agrees that if the United States determines that she has not provided full and truthful cooperation, or has committed any local, state, or federal crime between the date of this plea agreement and her sentencing, or has otherwise violated any other provision of this plea agreement, or has violated the terms and conditions of her release while on bond as required by the Court, the plea agreement may be voided by the United States and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, perjury, obstruction of justice, and any substantive offenses arising from this investigation. Such prosecution may be based upon any information provided by the defendant during the course of her cooperation, or upon leads derived therefrom, and this information may be used as evidence against her. In addition, the defendant's previously entered plea of guilty will remain in effect and cannot be withdrawn. Further, any prosecution which is not barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced against the defendant in accordance with this plea agreement, notwithstanding the expiration of the statute of limitations between the time of signing this agreement and the commencement of the prosecution. It is the specific intent of this plea agreement to waive any and all defenses based upon the statute of limitations with respect to any prosecution which is not barred by the statute of limitations on the date this plea agreement is signed by the defendant;

i. The defendant understands and agrees that if she commits a local, state or federal crime (whether a felony or misdemeanor) or violates any conditions of her bond while she is cooperating with the United States, a motion for downward departure will not be filed by the Government on her behalf;

j. The defendant agrees to forfeit all interests she owns or over which she exercises control, directly or indirectly, in any asset that is subject to forfeiture to the United States either directly or as a substitute for property that was subject to forfeiture but is no longer available for the reasons set forth in 21 U.S.C. § 853(p) (which is applicable to this action pursuant to 18 U.S.C. § 982(b)(1), including but not limited to the following specific property: $37,400 in U.S. currency surrendered by the defendant and $5,088 in U.S. currency seized from her residence. With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct

-8-

appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

k. The defendant agrees to fully and truthfully disclose the existence, nature and location of all assets forfeitable to the United States, either directly or as a substitute asset, in which she, her co-defendants and her co-conspirators have or had any direct or indirect financial interest, or exercise or exercised control, directly or indirectly, during the period from on or about November 1, 2005 to and including May 10, 2007. The defendant also agrees to fully and completely assist the United States in the recovery and forfeiture of all such forfeitable assets. As part of this cooperation, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of all such forfeitable assets and to provide and/or consent to the release of the defendant's federal and state income tax returns for the previous 6 years. The defendant understands and agrees that the United States will use the financial information when making its recommendation to the Court regarding the defendant's acceptance of responsibility for the offense charged in the information.

l. The defendant understands and agrees that in the event the United States learns of a knowing misrepresentation by the defendant on, or in connection with, the financial information disclosed to the United States, and in the event that such nondisclosure or misrepresentation involves assets valued at more than $1,000, the United States may, at its option: (1) be released from all of its obligations under this plea agreement, or (2) let the plea agreement stand and take other action as it deems appropriate.

m. The defendant agrees that the United States may institute civil judicial or administrative forfeiture proceedings against all forfeitable assets in which the defendant has an interest, and that she will not contest any such forfeiture proceedings.

n. The defendant agrees to take all necessary steps to comply with the forfeiture matters set forth herein before her sentencing. The defendant agrees not to contest the pending administrative forfeiture proceeding before the FBI involving the $37,400 in U.S. Currency.

**10. <u>Withdrawal of Plea.</u>**  Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court.  In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw her plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts her plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, she will not be permitted to withdraw her plea of guilty.

**11. <u>Agreed Guidelines Applications.</u>**  With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

    a.  The Sentencing Guidelines do not bind the Court and are advisory in nature.  The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable";

    b.  The applicable Guidelines Manual is the one that took effect on November 1, 2006;

    c.  The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2G1.1, which provides for a base offense level of 14;

    d.  The parties agree to argue their respective sides regarding all enhancements at the time of sentencing;

e. The defendant has admitted her guilt and clearly accepted responsibility for her actions, and has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Therefore, she is entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and her pretrial release; or (2) attempts to withdraw her guilty pleas, violates the law, or otherwise engages in conduct inconsistent with her acceptance of responsibility];

f. There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine her applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

g. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does <u>not</u> bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in paragraph 12 of this plea agreement, provide the defendant with a basis to withdraw her plea of guilty;

h. The United States agrees not to seek an upward departure from the Guidelines or a sentence outside the Guidelines range, and defendant agrees to not seek a downward departure from the Guidelines or a sentence outside the Guidelines range. The agreement by the parties to not seek a departure from the Guidelines is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable";

i. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense

characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

j. The defendant understands and agrees that the factual admissions contained in paragraphs 3 and 4 of this plea agreement, and any admissions that she will make during her plea colloquy, support the imposition of the agreed Guidelines calculations contained in this agreement.

**12. Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 13, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**13. Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

**14. Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

-12-

a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

b. comment on the evidence supporting the charge in the information;

c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed; and

d. oppose any post-conviction motions for reduction of sentence, or other relief.

15. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that she has been advised of, understands, and knowingly and voluntarily waives the following rights:

a. the right to plead not guilty and to persist in a plea of not guilty;

b. the right to be presumed innocent until her guilt has been established beyond a reasonable doubt at trial;

c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

d. the right to confront and cross-examine the witnesses who testify against her;

e. the right to compel or subpoena witnesses to appear on her behalf; and

f. the right to remain silent at trial, in which case her silence may not be used against her.

The defendant understands that by pleading guilty, she waives or gives up those rights and that there will be no trial. The defendant further understands that if she pleads

guilty, the Court may ask her questions about the offense or offenses to which she pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making a false statement. The defendant also understands she has pleaded guilty to a felony offense and, as a result, will lose her right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

16. **Waiver of Appellate and Post-Conviction Rights.**

    a. The defendant acknowledges, understands, and agrees that by pleading guilty pursuant to this plea agreement she waives her right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement.

    b. The defendant expressly waives her right to appeal her sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal her sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

17. **Waiver of FOIA Request.** The defendant waives all of her rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of

-14-

this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**18. Waiver of Claim for Attorney's Fees.** The defendant waives all of her claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**19. Defendant's Agreement to Destruction of Biological Evidence.** In accordance with 18 U.S.C. § 3600A(c)(2), the defendant knowingly and voluntarily waives her right to request DNA testing of any biological evidence which may have been obtained or seized by law enforcement in her case. Defendant agrees that all biological evidence which may have been obtained or seized may be destroyed by law enforcement authorities.

**20. Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw her plea of guilty.

The defendant also understands and agrees that in the event she violates this plea agreement, all statements made by her to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by her before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against her in any and all criminal proceedings. The defendant waives any rights that she might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by her subsequent to this plea agreement.

21. **Defendant's Representations.** The defendant acknowledges that she has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that she is satisfied with the assistance of counsel, and that counsel has fully advised her of her rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, her attorneys or any other party to induce her to enter her plea of guilty.

22. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this

agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

      23. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting

Case 4:07-cr-00196-FJG   Document 104   Filed 04/25/08   Page 17 of 18

this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

                                                                        John F. Wood
                                                                        United States Attorney

Dated  4/24/08                            By s/Cynthia L. Cordes                       
                                                               Cynthia L. Cordes
                                                               Assistant United States Attorney

      I have consulted with my attorneys and fully understand all of my rights with respect to the offense charged in the information.  Further, I have consulted with my attorneys and fully understand my rights with respect to the provisions of the Sentencing Guidelines.  I have read this plea agreement and carefully reviewed every part of it with my attorneys.  I understand this plea agreement and I voluntarily agree to it.

Dated 4/24/08                                              s/Hongmai Madole                       
                                                               Hongmai Madole
                                                               Defendant

      I am defendant Hongmai Madole's attorney.  I have fully explained to her her rights with respect to the offense charged in the information.  Further, I have reviewed with her the provisions of the Sentencing Guidelines which might apply in this case.  I have carefully reviewed every part of this plea agreement with her.  To my knowledge, Hongmai Madole's decision to enter into this plea agreement is an informed and voluntary one.

Dated 4/24/08                                              s/Ronald L. Hall                          
                                                               Ronald L. Hall
                                                               Attorney for Defendant

-18-